UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| W.A. KRAFT CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HONEYWELL, INC., )<br>)<br>Defendant. )<br> ) | Civil Action No. 01-10402-GAO |

## ANSWER TO COUNTERCLAIM

The plaintiff and defendant-in-counterclaim, W.A. Kraft Corporation ("Kraft"), hereby answers the individually numbered paragraphs of defendant Honeywell, Inc.'s ("Defendant") counterclaim as follows:

### FIRST DEFENSE

1.  Kraft is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

2.  Admitted.

3.  Kraft admits that in 1993 it had discussions with defendant relating to providing Interbake Foods, Inc. ("Interbake Foods") with cogeneration equipment which would provide electrical power, steam and hot water to Interbake Foods but denies the remaining allegations in this paragraph.

4.  Denied.

5.  Denied.



6. Kraft denies the allegations set forth in the first sentence of this paragraph. Kraft admits the allegations set forth in the second sentence of this paragraph.

7. Kraft admits that it entered into a written service agreement with defendant dated July 31, 1995. Answering further, Kraft asserts that the document speaks for itself. However, Kraft denies the remaining allegations in this paragraph.

8. Denied.

9. Kraft admits that in January 1998 the engines at Interbake Foods experienced breakdowns. Kraft denies the allegations set forth in the second sentence of this paragraph.

10. Kraft is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of this paragraph and, therefore, denies the same.

11. Kraft is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of this paragraph and, therefore, denies the same.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

## COUNT I
(Breach of Contract)

16. Kraft repeats and realleges its responses contained in paragraphs 1 through 15 as if fully set forth herein.

17. Denied.

## COUNT II
(Breach of Covenant of Good Faith and Fair Dealing)

18. Kraft repeats and realleges its responses contained in paragraphs 1-17 as if fully set forth herein.

19. The allegations set forth in this paragraph contains a conclusion of law to which no response is necessary.

20. Kraft denies that it entered into the agreement as referred to in this paragraph.

21. Denied.

22. Denied.

23. Denied.

## SECOND DEFENSE

Defendant's counterclaim fails to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## THIRD DEFENSE

Defendant is barred from asserting its claims by virtue of its own acts and omissions, including its material breaches of the agreement with Kraft.

## FOURTH DEFENSE

Defendant is barred from recovery because Kraft did not breach any agreement with defendant.

## FIFTH DEFENSE

Defendant is barred from recovery because at all times Kraft acted in good faith.

### SIXTH DEFENSE

Defendant is barred from recovery because it failed to sustain any damages from Kraft's actions.

### SEVENTH DEFENSE

Defendant is barred by its own conduct and/or action and that of its agents and servants from recovering in this action.

### EIGHTH DEFENSE

Defendant is barred from recovery because it has failed to mitigate its damages, if any.

### NINTH DEFENSE

Defendant's claims are barred by the equitable of estoppel.

### TENTH DEFENSE

Defendant's claims are barred by the equitable doctrine of laches.

### ELEVENTH DEFENSE

Defendant's claims are barred by the doctrine of unclean hands.

### TWELFTH DEFENSE

Defendant is barred from recovery because defendant asserts its counterclaim based upon a document that was never agreed upon by the parties.

Respectfully submitted,
KRAFT CORPORATION,

By their attorneys,

*[signature: Josefina M.]*

John R. Hallal, BBO #559473
Josefina Martinez, BBO #564687
GADSBY HANNAH LLP
225 Franklin Street
Boston, MA  02110
(617) 345-7000

April 20, 2001

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on the attorney of record for each other party (and upon each party appearing pro se) by (mail)/~~hand~~/~~FAX~~ on this 20th day of April, 20 01.

BY: *[signature: Josefina M.]*